# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL BRANDON LANE, JR., ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. CIV-12-0137-HE |
| ) | |
| JUSTIN JONES, Director, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Michael Brandon Lane, Jr., a state prisoner appearing *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Consistent with 28 U.S.C. § 636(b)(1)(B), this matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell.  Judge Purcell recommended that the petition be denied [Doc. #14].  Petitioner has filed an objection.  After conducting a *de novo* review, *see* 28 U.S.C. § 636(b)(1), the court concludes that Mr. Lane's habeas petition should be denied for substantially the same reasons as stated in the magistrate judge's Report and Recommendation.

### I.  Background

Petitioner was convicted of rape in the first degree and two counts of forcible oral sodomy in September 2009.[1]  Petitioner was sentenced to 30 years imprisonment on each

---

[1]*In a trial conducted in April 2009, a jury returned a verdict of not guilty on a first degree burglary charge, but could not reach a verdict on the remaining charges, so a mistrial was declared. In the subsequent trial in August-September 2009, the jury returned guilty verdicts on the rape and sodomy charges, but found petitioner not guilty on a rape by instrumentation charge.*

conviction, to be served concurrently. On direct appeal, petitioner asserted two propositions of error: first, that the trial court denied him a fair trial by allowing the prosecutor to question him regarding his pre-arrest silence; second, that the trial court erred and violated his Sixth Amendment right to present a defense by allowing the prosecution to elicit evidence tending to show that petitioner committed the crime of first degree burglary while prohibiting him from demonstrating that a jury had acquitted him of that crime. The Oklahoma Court of Criminal Appeals ("OCCA") denied petitioner's claims and affirmed his convictions and sentences.

Petitioner's habeas petition incorporates the brief he filed in his direct appeal, seemingly raising the same two claims that he presented to the OCCA.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets the standards for granting a writ of habeas corpus. House v. Hatch, 527 F.3d 1010, 1015 (10th Cir. 2008). Only claims alleging a violation of federal law are cognizable on federal habeas review. See 28 U.S.C. § 2254(a). Additionally, a habeas petition under § 2254 cannot be granted unless the claims raised in it have been "fairly presented" to the state court. See 28 U.S.C. § 2254(b)(1)(A); Fairchild v. Workman, 579 F.3d 1134, 1151 (10th Cir. 2009). If a claim was presented to the state court and was adjudicated on its merits, then the claim falls within § 2254(d) and the federal court's role is limited. See Hain v. Gibson, 287 F.3d 1224, 1229 (10th Cir. 2002).

If the state court determined a claim on its merits, the petitioner is entitled to habeas

relief only if he establishes the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Federal law is "clearly established" only if it is found in a holding of the Supreme Court. Thaler v. Haynes, 130 S.Ct. 1171, 1173 (2010). "Under § 2254(d)(1), a habeas petitioner may obtain relief (1) if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts; or (2) if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1173-74 (internal quotation marks omitted). To satisfy the "unreasonable application" standard, there must be more than a determination that the state court committed clear error; the state court's application of federal law must have been objectively unreasonable. *See* House, 527 F.3d at 1019 ("[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." (citations omitted)).

(1) Admission of Evidence of Prearrest Silence

Petitioner testified at his trial and, over his counsel's objection, the prosecutor was allowed to question him about the actions he took after he became aware of the victim's accusations against him. In his direct appeal, petitioner asserted that this was improper under Oklahoma law. The OCCA held that the trial court did not err by admitting evidence of petitioner's prearrest silence. The court agrees with the magistrate judge that petitioner has

not shown that the OCCA's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Supreme Court precedent clearly establishes "that the Fifth Amendment is not violated by the use of prearrest silence to impeach a criminal defendant's credibility." Jenkins v. Anderson, 447 U.S. 231, 238 (1980). The Court also held that use of such evidence does not violate the Fourteenth Amendment's guarantee of fundamental fairness. *Id*. at 240.

To the extent petitioner argues that the questioning violated his Fifth Amendment rights because the evidence was used to establish his guilt, the court agrees that habeas relief is not warranted because the Supreme Court has not "clearly established" that prearrest silence may not be used to establish guilt. *See* Carter v. Ward, 347 F.3d 860, 863-864 (10th Cir. 2003). Therefore, the court agrees that petitioner is not entitled to habeas relief because of the prosecutor's use of his prearrest silence.

(2) Admission of Pry Marks Evidence and Exclusion of Evidence of Acquittal

Petitioner argues that he was denied a fair trial[2] when the prosecution was allowed to introduce evidence of the pry marks on the doors of the victim's residence, while petitioner was denied the right to introduce evidence of his prior acquittal on the burglary charge. The OCCA held that the evidence was properly admitted as part of the *res gestae* of the case, and

---

[2]*Petitioner invoked both the Sixth Amendment's Confrontation Clause and the Fourteenth Amendment's Due Process Clause [Doc. #3 at 25].*

that evidence of the prior acquittal was properly excluded because its minimal relevance was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair or harmful surprise." OCCA Summary Opinion, Doc. #9-3 at 4 (citing 12 Okla. Stat. § 2403). As the magistrate judge pointed out, while the "Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense,'" the Supreme Court has held that "the Constitution permits judges to exclude evidence that is repetitive, only marginally relevant or poses an undue risk of harassment, prejudice, [or] confusion of the issues." Holmes v. S. Carolina, 547 U.S. 319, 324, 326-27 (2006) (internal quotation marks and citations omitted). The court agrees with the magistrate judge's reasoning and concludes that petitioner has not identified "clearly established" Supreme Court precedent that the OCCA's decision was contrary to or an unreasonable application of, and petitioner is therefore not entitled to habeas relief in this regard.

### III. Conclusion

Magistrate Judge Purcell's Report and Recommendation [Doc. #14] is **ADOPTED** and Mr. Lane's petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. #1] is **DENIED**. Additionally, as the court concludes petitioner has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), he is denied a certificate of appealability.

**IT IS SO ORDERED**.

Dated this 20th day of December, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE